**JIN YAO CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–5632–ag.

United States Court of Appeals, Second Circuit.

June 20, 2008.

---

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation, Andrew B. Insenga, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK and Hon. ROBERT A. KAZTMANN, Circuit Judges.

### SUMMARY ORDER

Jin Yao Chen, a native and citizen of China, seeks review of a November 19, 2007 order of the BIA denying her motion to reopen her deportation proceedings. *In*

*re Jin Yao Chen,* No. A74 783 110 (B.I.A. Nov. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006).

■ An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Chen's motion to reopen as untimely. It is undisputed that Chen's June 2007 motion to reopen was untimely because it was filed almost five years after the BIA's July 2002 decision dismissing her appeal from the IJ's original denial of relief. *See* 8 C.F.R. § 1003.2(c)(2). Chen argues, however, that she met an exception to the time limit by establishing changed country conditions.

■ We conclude that the BIA did not abuse its discretion in denying Chen's motion to reopen because she failed to establish changed country conditions in China. We cannot conclude that the BIA abused its discretion in finding that the Department of State's 2006 Country Report on Human Rights Practices in China did not demonstrate changed country conditions where Chen points to nothing in the report indicating that China's implementation of its family planning policy has changed. The BIA also did not abuse its discretion in declining to credit an unauthenticated notice, purportedly from Chinese family planning authorities, based on the IJ's prior, unchallenged adverse credibility determination. We have found that the BIA may reasonably decline to accord probative weight to unauthenticated documents submitted with a motion to reopen where the IJ made an adverse credibility determination after the movant's asylum hearing. *Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir.2007). Because Chen did not seek review of the BIA's prior order upholding the IJ's adverse credibility determination, the BIA reasonably relied on that determination in declining to credit the evidence she submitted with her motion to reopen. *See id.*; *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").[1]

---

1. Chen's reliance on *Paul v. Gonzales,* 444 F.3d 148 (2d Cir.2006), is misplaced. In *Paul,* the agency found not credible the alien's claim of past persecution, but explicitly credited his claim that he was Christian. *Id.* at 150. Thus, we found that the agency erred in failing to consider objective evidence of the treatment of Christians in the alien's home country when such evidence was submitted with a motion to reopen. *Id.* at 154. In contrast to the motion in *Paul,* the probative force of Chen's evidence—the village notice—depends on her credibility, as does her claim

Although Chen argues that the BIA abused its discretion by not sufficiently considering the evidence she submitted, this Court does not require the agency to "expressly parse or refute on the record each individual argument or piece of evidence offered." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (internal quotation marks omitted); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n. 17 (2d Cir.2006) (noting that this Court does not require the IJ to engage in "robotic incantations" to show that the IJ examined each piece of evidence in the record as long as the IJ takes into account "significant factual assertions" offered by a petitioner). Nothing in the record would lead us to conclude that the BIA ignored material evidence in this case. Because the BIA did not abuse its discretion in finding that Chen failed to establish changed country conditions, the BIA did not err in denying her motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2).

Finally, Chen's reference to the evidence discussed in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), is unavailing where she did not submit that evidence to the BIA with her motion to reopen. As we have held, remand for agency consideration of documents not in the record is inappropriate in the absence of government consent because "agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence." *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for

that the government has specifically threatened to sterilize her upon return to China.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

a stay of removal in this petition is DISMISSED as moot.